FILED by __TM__ D.C.

ELECTRONIC

**Jul 25, 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 13-80148-CR-RYSKAMP/HOPKINS

Case No._____

18 USC § 922(g)(1)
18 USC § 924(c)
21 USC § 841(a)(1)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANDREW JAMES JERVIS,

        Defendant.

_____/

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## COUNT 1

On or about July 9, 2013, in Palm Beach County, in the Southern District of Florida,

the defendant,

**ANDREW JAMES JERVIS,**

having previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess a firearm and one or more rounds of

ammunition, in and affecting commerce, to wit, a Remington Model 870 12 gauge

shotgun, approximately twenty-seven (27) rounds of Winchester, Remington, and Federal

12 gauge ammunition, and approximately forty-eight (48) rounds of Winchester .25 caliber ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 2

On or about July 9, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

### ANDREW JAMES JERVIS,

did knowingly and intentionally possess with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges pursuant to Title 21, United States Code, Section 841(b)(1)(C), that the controlled substance was in fact a mixture and substance containing a detectable amount of Cocaine Base, commonly known as "crack" cocaine, a Schedule II Controlled Substance.

The Grand Jury further charges pursuant to Title 21, United States Code, Section 841(b)(1)(C), that the controlled substance was in fact a mixture and substance containing a detectable amount of Hydromorphone, a Schedule II Controlled Substance.

The Grand Jury further charges pursuant to Title 21, United States Code, Section 841(b)(1)(D), that the controlled substance was in fact a mixture and substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance.

## COUNT 3

On or about July 9, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

**ANDREW JAMES JERVIS,**

did knowingly possess a firearm, that is,  a  Remington Model 870 12 gauge shotgun, in

furtherance of a drug trafficking crime as set forth in Count 2, above, for which the

defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

A TRUE BILL:

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ANDREW JAMES JERVIS,

              **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | |
|---|---|---|---|
| ___ Miami | _X_ Key West | | |
| ___ FTL | ___ WPB | ___ FTP | |

New Defendant(s)        Yes _____   No _____
Number of New Defendants     _____
Total number of counts       _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)   _No_
     List language and/or dialect  _____

4.   This case will take  _2-3_  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                       (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court?  (Yes or No)  _No_
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)  _No_
If yes:  Magistrate Case No.    _n/a_
Related Miscellaneous numbers:  _n/a_
Defendant(s) in federal custody as of  _n/a_
Defendant(s) in state custody as of  _07/09/2013_
Rule 20 from the  _____  District of _____

Is this a potential death penalty case? (Yes or No)   _No_

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes  _X_ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes  _X_ No

                         _____
                         JOHN C. McMILLAN, JR.
                         ASSISTANT UNITED STATES ATTORNEY
                         Admin. No. A5500228

*Penalty Sheet(s) attached

REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   ANDREW JAMES JERVIS

Case No.   _____

Count # 1:
18 USC §§ 922(g)(1)  and 924(a)(2)

Felon in Possession of Firearm and Ammunition

*Max. Penalty: 0 to 10 years' Imprisonment; $250,000 Fine; 0-3 years' supervised release

Count #2:
21 USC §§ 841(a)(1) and (b)(1)(C)

Possession with Intent to Distribute Controlled Substance

*Max. Penalty 0 to 20 years' Imprisonment; $1,000,000 Fine; 3 years' to life supervised release

Count: #3
18 USC §§ 924(c)(1)(A)

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

*Max. Penalty: 5 years' to life Imprisonment consecutive to any other term of imprisonment imposed on the defendant,$250,000 Fine; 0-3 years' supervised release

Count:

*Max. Penalty:

Count :

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96